

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **MICHAEL ENSKAT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: CV-04-S-2956-NE |
| | ) |
| **HERITAGE OPERATING, L.P.,** | ) |
| **d/b/a J & J PROPANE GAS,** | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT'S MOTION IN LIMINE TO PRECLUDE IMPROPER REMARKS ABOUT DEFENDANT'S COUNSEL

COMES NOW the Defendant, Heritage Operating, L.P., d/b/a J & J Propane Gas, and moves the Court, in limine, for an Order precluding improper remarks about Defendant's counsel, showing as follows:

### I. INTRODUCTION

Defendant will be represented at trial by attorneys from the law firm of Carr, Allison. Defendant requests the Court to forbid the Plaintiff's counsel from making any direct or indirect references in the presence of the jury about the size of the law firm of Carr, Allison.

### II. ARGUMENT & CITATION OF AUTHORITIES

Appeals to the jury's biases about counsel are "so inherently improper" that no verdict may stand that is based "in any degree" on such appeals. Pappas v. Middle Earth Condominium Ass'n, 963 F.2d 534, 541 (2d Cir. 1992); see, e.g., Westbrook v. General Tire Rubber Co., 754 F.2d 1233, 1238-39 (5th Cir. 1985) (finding that counsel's "us-against-them" appeal to community loyalty constituted an "[i]mproper distraction from the jury's sworn duty to reach a fair, honest and just verdict according to the facts and evidence presented at trial"); Hall

v. Freese, 735 F.2d 956, 960-61 (5th Cir. 1984) (reversing lower court in part because defense counsel created clear prejudice when it commented to jury that plaintiff and her attorneys had "flown in" from large city); Smith v. Travelers Ins. Co., 438 F.2d 373, 375-76 (6th Cir. 1971) (noting "extremely poor taste" of counsel's comments that defendant's lawyers were "city lawyers" and "Philadelphia lawyers").

The Plaintiff's counsel should not be permitted to refer to the size of Carr, Allison.  The size of the law firms in which Defendant's counsel practice is irrelevant to the trial of this case.  Federal law holds that such improper argument may be the basis for a new trial even where no objection has been raised. Hall at supra, 735 F. 2d 956 (5th Cir. 1984). The courts have held that statements that serve no other purpose than to unfairly prejudice the jury are impermissible, and that there admission would implicate the granting of a new trial. Id. at 961.  Any comment regarding the size of Carr, Allison would serve no purpose except to potentially prejudice the jury against Defendant.

Federal Courts have set aside jury verdicts on the basis of improper comments by counsel, including statements that opposing counsel was from a large city and regularly handled serious, high-exposure cases.  See, e.g., Hall v. Freese, 735 F. 2d 956 (5th Cir. 1984)(holding that attorney's disparaging remarks including those regarding opposing counsel's size and locality where grounds for a new trial).  Similarly, any statements regarding size or financial composition of the law firms which represent Defendant should not be permitted here.

### III.  CONCLUSION

Defendant is entitled to a fair trial on the merits.  The size of the firms that represent Defendant is irrelevant to any issue in this case.  These issues are only relevant to qualify the

jury during voir dire.  Any further reference by the Plaintiff's counsel to such issues would be an obvious appeal to the jury's biases.  Therefore, the Court should preclude Plaintiffs' counsel from referring in any way to the size of Defendant's counsel's law firm.

                                      Respectfully Submitted,

                                      s/ Gregory A. Brockwell
                                      BRETT A. ROSS
                                      GREGORY A. BROCKWELL

                                      ATTORNEYS FOR DEFENDANT

**Of Counsel:**

CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
Telephone: (205) 822-2006
Fax: (205) 822-4058
E-mail:       bar@carrallison.com
                gab@carrallison.com

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 11th day of January, 2006:

C. Carter Clay
W. Lee Pittman
PITTMAN, HOOKS, DUTTON
   KIRBY & HELLUMS, PC
2001 Park Place North, Suite 1100
Birmingham, Alabama 35203

                                      s/ Gregory A. Brockwell
                                      Of Counsel